IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION

| | | |
|---|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) ) | CIVIL ACTION NO. |
| Plaintiff, | ) ) | |
| v. | ) ) | COMPLAINT |
| TJX COMPANIES, INC. d/b/a MARSHALLS | ) ) | JURY TRIAL DEMAND |
| Defendant | ) ) ) | . |

## NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964 and the Civil Rights Act of 1991, to correct unlawful employment practices on the basis of sex, and to provide appropriate relief to Machelle Allison, Shauntel Boyd, and a class of similarly situated female employees who were adversely affected by such practices. Plaintiff, the Equal Employment Opportunity Commission alleges that Defendant, TJX Companies, Inc. d/b/a Marshalls ("Defendant"), discriminated against Allison, Boyd, and other similarly situated female employees by subjecting them to sexual harassment and a sexually hostile work environment because of their sex, female.

## JURISDICTION AND VENUE

1.      Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Sections 706(f)(1) and (3) and 707 of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e-5(f)(1) and (3) and -6 ("Title VII"), and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2.      The employment practices alleged to be unlawful were committed within the

jurisdiction of the United States District Court for the Eastern District of North Carolina.

PARTIES

3.      Plaintiff, the Equal Employment Opportunity Commission (the "Commission"), is the agency of the United States of America charged with the administration, interpretation and enforcement of Title VII, and is expressly authorized to bring this action by Section 706(f)(1) and (3) and 707 of Title VII, 42 U.S.C. § 2000e-5(f)(1) and (3) and -6.

4.      At all relevant times, Defendant, TJX Companies, Inc. d/b/a Marshalls ("Defendant"), has continuously been a Delaware corporation doing business in the State of North Carolina and the County of Onslow, and has continuously had at least fifteen employees.

5.      At all relevant times, Defendant has continuously been an employer engaged in an industry affecting commerce within the meaning of Sections 701(b), (g) and (h) of Title VII, 42 U.S.C. §§ 2000e(b), (g) and (h).

STATEMENT OF CLAIMS

6.      More than thirty days prior to the institution of this lawsuit, Machelle Allison and Shauntel Boyd filed charges with the Commission alleging violations of Title VII by Defendant. All conditions precedent to the institution of this lawsuit have been fulfilled.

7.      Beginning in or prior to September 2004, Defendant engaged in unlawful employment practices at its Jacksonville (Onslow County), North Carolina facility, in violation of Section 703(a) and 707 of Title VII, 42 U.S.C. § 2000e-2(a) and -6.  Specifically, Defendant subjected Machelle Allison, Shauntel Boyd, and a class of similarly situated female employees to

*2*

sexual harassment creating a hostile work environment because of their sex, female. The sexual

harassment was perpetrated by one of Defendant's male supervisors, who was in the direct line of

supervision of some of the aggrieved female employees. The sexual harassment included but

was not limited to, unwelcome sexual comments, sexual gestures, and sexual touching.

Defendant knew, or reasonably should have known about the sexual harassment and failed to

take prompt and effective corrective action to stop it. Defendant engaged in a pattern or practice

of discrimination against women by engaging in the employment practices set forth herein.

8.      The effect of the practices complained of in paragraph 7 above has been to

deprive Machelle Allison, Shauntel Boyd, and a class of similarly situated female employees of

equal employment opportunities and otherwise adversely affect their status as employees,

because of their sex.

9.      The unlawful employment practices complained of in paragraph 7 above were

intentional.

10.     The unlawful employment practices complained of in paragraph 7 above were

done with malice or with reckless indifference to the federally protected rights of

Machelle Allison, Shauntel Boyd, and a class of similarly situated female employees.

<u>PRAYER FOR RELIEF</u>

Wherefore, the Commission respectfully requests that this Court:

A.      Grant a permanent injunction enjoining Defendant, its officers,

successors, assigns, and all persons in active concert or participation with it, from engaging

in any employment practices which discriminate on the basis of sex.

B.      Order Defendant to institute and carry out policies, practices, and programs

*3*

which provide equal employment opportunities for women, and which eradicate the effects of its past and present unlawful employment practices.

C.  Order Defendant to adopt and enforce a sexual harassment policy designed to provide protection to women and to provide women equal employment opportunities, and to make its employees aware of the policy.

D.  Order Defendant to make whole Machelle Allison, Shauntel Boyd, and all similarly situated women, by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described above, in amounts to be determined at trial.

E.  Order Defendant to make whole Machelle Allison, Shauntel Boyd, and all similarly situated women by providing compensation for past and future non-pecuniary losses resulting from the unlawful practices complained of above, including emotional pain and suffering, humiliation, embarrassment, anxiety, inconvenience, loss of enjoyment of life and loss of civil rights, in amounts to determined at trial.

F.  Order Defendant to pay Machelle Allison, Shauntel Boyd, and all similarly situated women punitive damages for its malicious and reckless conduct described above, in amounts to be determined at trial.

G.  Grant such further relief as the Court deems necessary and proper in the public interest.

H.  Award the Commission its costs of this action.

JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its complaint.


    DATED this 19th day of April, 2007.

                Respectfully submitted,

                RONALD S. COOPER
                General Counsel

                JAMES L. LEE
                Deputy General Counsel

                GWENDOLYN YOUNG REAMS
                Associate General Counsel

                EQUAL EMPLOYMENT OPPORTUNITY
                COMMISSION
                1801 L Street, N.W.
                Washington, D.C.  20507


                s/ Lynette A. Barnes
                LYNETTE A. BARNES
                Regional Attorney  (NC Bar No. 19732)
                Charlotte District Office
                129 W. Trade Street, Suite 400
                Charlotte, N.C.  28202


                s/ Tracy Hudson Spicer
                TRACY HUDSON SPICER
                Supervisory Trial Attorney (MD Bar No. 08671)
                Washington Field Office
                1801 L Street, N.W., Suite 100
                Washington, D.C.  20507

  s/ Stacey Turner Caldwell

STACEY TURNER CALDWELL
Senior Trial Attorney (VA. Bar No. 35609)
EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION
Richmond Local Office
830 East Main Street, Suite 600
Richmond, Virginia 23219
(804) 771-2214 telephone
(804) 771-2222 facsimile

*6*